United States Court of Appeals for the Ninth Circuit is now in session. Good morning and welcome to the Ninth Circuit. We have two cases submitted on the briefs morning. So our first argued case is the United States against Mendez. Mr. Diamond, you may proceed. Thank you very much. May it please the court. Good morning, Charles Diamond on behalf of the appellant Edwin Mendez. I would like to reserve three minutes for rebuttal if I might. Thank you. This appeal in our view presents a straightforward question of statutory application which is answered by the plain text of the two provisions of the Juvenile Delinquency Act that are at issue. The question as we see it is as follows. Has a juvenile who enters into a conspiracy that he does not disavow before he turns 18, an age spanning conspiracy as the courts refer to it, committed an act of juvenile delinquency to which the JDA may apply? If the answer to that question is yes, it is an act of juvenile delinquency. Once having filed a JDA information against Mr. Mendez for that crime, Section 5032 of Title 18 barred the government from initiating a criminal prosecution for that same crime. The language is... Mr. Diamond, a couple questions. First of all, would you concede that had your client committed acts in furtherance of the conspiracy after majority, he could have been prosecuted as an adult because that would not be an act of juvenile delinquency? I agree with the first half of your statement. I agree he could have been prosecuted as an adult had the government chose to do that. Not necessarily would he have committed acts that don't constitute acts of juvenile delinquency in the context of... Assume for purposes of my question that the conspiracy begins after he turns 18. Would you concede that those would not be acts of juvenile delinquency in my hypothetical? I would concede that that is true. An act of juvenile... Okay. Yes. All right. And the second question is really one that is akin to a double jeopardy question. And that is, as I understand it, the petition had been filed by the United States, but the district court had not yet held a hearing on whether or not to proceed under the statute. Is that correct? The government had moved to transfer the case for criminal prosecution, if that's what you're referring to. That remained pending for approximately a year. The government dismissed that motion and dismissed the case a week before that. Correct. Okay. So is your theory then that once the government invokes the petition, in other words, files it, that the government is barred from prosecuting your client as an adult? Uh, not as a matter of double jeopardy, but yes, as a matter of statutory application. Section 50... Then what's the purpose of the transfer provision? That's the problem I'm having with your argument. Well, the government has a right to ask the district court to transfer. That starts a lengthy investigation by the district judge. By the district judge as to whether transfer for adult prosecution would be in the interests of justice. We went down that road for approximately a year, invested substantial judicial and legal resources in developing that, and it was up to Judge Wright to decide whether Mr. Mendez would be criminally prosecuted, not for the government to make that decision. Section 50... Excuse me. This is Judge Schroeder. Clearly, it would seem that clearly, if the government wished to prosecute your client for the acts that were charged in the juvenile charge, that it would have to do the transfer. Well, that's exactly what they did. They prosecuted him for the very same act as alleged. Well, that's what they were doing when they when they talked about the transfer, but then they dismissed that, did they not? I beg to differ. The information alleged one count against Edwin Mendez. Conspiracy. The indictment against Edwin Mendez alleged one count. Conspiracy. They were the same conspiracy. He was not alleged to have joined any other group with any other people to do anything other than to control this area of the San Fernando Valley with the Fulton clique of this street gang. The crimes charged are... But the predicate acts were different. The overt acts? Well, interestingly, you should ask that. For the most part, no. The information obviously only... The JDA information obviously only alleged juvenile acts, but the indictment, which alleged 33 overt acts alleging conduct by Mr. Mendez, alleged two when he was age 16, 29 when he was age 17, and only two overt acts after he turned age 18. But overt acts are not the crime. Overt acts are just evidence of the conspiracy at work. The crime here is conspiracy. The operative... But the Rico conspiracy doesn't even require proof of an overt act, does it? Correct. Correct. It just requires an agreement. The crime... Yeah. The crime is complete when he agrees to enter a Rico... To assist the enterprise in its affair. Bingo. That answers the question raised by this appeal because the language of 5032 says once the attorney general has proceeded by way of JDA information, and I quote, no criminal prosecution shall be instituted for the alleged act of juvenile delinquency. What is an act of... That gets back to the questions I was asking you at the beginning. Well, what is... Whether or not the post-majority conduct is an act of juvenile delinquency, and I think your answer was no. In the context... So then the question becomes, how do you get around our opinion in U.S. v. Kamez? U.S. v. Kamez is totally consistent with our theory of this case. We haven't gotten to the most important statute yet, and that's 5031, which defines what an act of juvenile delinquency is. It is, quote, a violation of a law of the United States committed by a person prior to his 18th birthday. Both pleadings charge conspiracy, as you, Judge Talmadge, just said. As you just said, the crime of conspiracy is committed when one joins with others to commit an unlawful act. This crime of conspiracy was committed before Edwin Mendez turned 18. It is by definition... Theoretically, the jury could decide that he didn't join it until afterwards. I mean, who knows? That's a question for the fact to decide. We're looking at the pleadings, because the government can't charge the crime. The government charged the same age-spanning conspiracy in the indictment and the information. The... You haven't answered my question about Kamez, because I'm looking at... It looks like, I don't know, page three of the West law, but we talk about if the defendant was under 18 at the time of the crime, then the JDA applies. If not, it doesn't. But for continuing crimes alleged to have occurred both before and after the defendant turned 18, the statute provides no clear answer to the question whether the JDA applies. And then they say, we face that fact situation here, and they held that continuing crimes alleged to have occurred both before and after the defendant turned 18, adult prosecution is warranted. Is warranted. It doesn't say is required. That's consistent with every circuit court decision going back to Spoon in 1984 that's looked at age-spanning continuing crimes. What they have said is that the JDA does apply if the government chooses to apply it. It is not required. But isn't that what they did here, when they dismissed the juvenile proceeding? They had no right to dismiss the juvenile proceeding. The statute plainly bars it. It says no prosecution shall be commenced except as pursuant to this act. That requires Judge Wright to transfer it. If we agree with with your premise that once they file the petition, then he's protected by the JDA. He's not protected. The district court can order this for criminal prosecution under the JDA, and it can be transferred. That's what we spent a year deciding. Does it come down to who decides? In other words, if the judge decides he can be prosecuted as an adult, then you would concede he could be prosecuted as an adult. But if the AG does before the judge decides, the statute protects. Is that your argument? 5032 says the AG can't do that. Once having vested the district court with JDA jurisdiction, this became Judge Wright's decision, not the U.S. Attorney's decision. The answer to my question is yes. Only the judge could decide. Granted, the government could pursue Mr. Mendez for other crimes, substantive offenses he committed after 18. There's nothing stopping the government from doing that now. But he's only been charged as an adult with the same crime he was charged with as a juvenile, and that is conspiracy, which you, Judge Talman, has said was committed when he joined the conspiracy at age 16. But isn't the transfer provision intended to apply to those who are juveniles, but the court binds them over to try them as adults? It just so happens here that Mendez turned 18 in the middle of all of this. We can prosecute juveniles as an adult if the court so orders the transfer, can we not? And if the government wants to go back to Judge Wright and ask him to reopen the JDA proceedings and do what they should have done a year and a half ago, and that is to let it run its course, and Judge Wright orders this case transferred for criminal prosecution, I have no grievance, and Mr. Mendez has no grievance. That's not what they did. They aborted a proceeding in the face of a congressional directive that says you cannot do that, Mr. Prosecutor. Once you start a JDA proceeding, it's up to the judge to transfer that crime. And you think you've got a reasonable shot of convincing Judge Wright that because Mr. Mendez continued to commit acts in furtherance of the conspiracy after he turned 18, he's likely not to order the transfer? I think we have a very compelling case. Mr. Mendez was only at liberty for seven months after turning 18. He was arrested by state authorities at 18 and seven months. And the only acts that the government has alleged he committed was driving around with other gang members. The only crime he was ever arrested for as an adult was driving without a license. Do we have a good chance? If you've taken a look at what we submitted with our request for judicial notice, we have testimony from two psychologists, neuropsychologists, one a leading figure in juvenile trauma that said Edwin Mendez, although he suffered grievously growing up at the hands of predators, is redeemable. He can be treated. He can be rehabilitated. We have spent three years trying to get him into rehabilitation. Instead, he is sad. But his juvenile record includes two counts of murder and commission of other violent crimes in aid of racketeering. It doesn't sound like a terribly sympathetic case to me at all. I think you've got a tall order to convince Judge Wright he shouldn't be prosecuted as an adult. All I am asking this court to do is give me that chance. The statute gives me that right. The statute gives Edwin Mendez that right to have a judge decide whether he's going to be adjudicated as an adult in a criminal prosecution that could get him a life sentence. Thank you, Mr. Diamond. You've gone over your time, but we'll give you some more time for rebuttal. Thank you, Judge Miller. Good morning. May it please the court. Joanna Curtis on behalf of the United States. This court should affirm because the racketeering conspiracy charged in the second and now third superseding indictments is not an act of juvenile delinquency. 18 U.S.C. 5031 defines an act of juvenile delinquency as a violation of a law of the United States committed by a person prior to his 18th birthday. The rule is clear and unambiguous in that an act of juvenile delinquency is one that must have been committed prior to 18. As the Sixth Circuit and Maddox explained, a defendant commits the crime of conspiracy each day he is a member of it. And here it is alleged in both the second and third superseding indictments that the defendant continued his participation in the conspiracy post-18. In the third superseding indictment, which is the government's S.E.R., beginning at S.E.R. 33 and going through 40, there are 14 overt acts that the defendant committed while he was an adult. And it's not riding around in a car. It's racketeering predicates involving narcotics trafficking, extortion, and even involvement in counseling in the October 30, 2017 murder of a 16-year-old kid. This court and CAMAS, along with nine other circuits, held that continuing offenses, such as the one charged here in the indictment, are simply not subject to the JDA. May I ask you, just so I understand the background here, if we didn't have the juvenile angle, if you had the conspiracy as alleged in the initial filing and then the conspiracy as alleged in the indictment, if those were two different indictments of an adult and jeopardy had attached on the first one, is the second one the same offense such that it would be barred by double jeopardy? Or do you think it's a difference? Yes. No, I think that it would. I think this isn't a jeopardy case, and I think dismissing the juvenile information, which contained the racketeering conspiracy up until the point when defendant turned 18 is dismissed, and that would cure the jeopardy issue and it hadn't attached yet. I think it's also important to point out that in the juvenile information, the point of information, those were the murder charges, the murders that occurred three months and six weeks before this appellant turned 18. When you look at the litigation below and the transfer litigation that was between January 2020 and I think April 1, 2020, the entire fight, if you will, was concerning whether to transfer the appellant on the murders. There was no mention of the murders. Appellant here relies on the Smith case, the Fourth Circuit case, and I think it's important to note that there are very key differences between Smith and our case. In Smith, the Fourth Circuit was dealing exclusively with acts of juvenile delinquency, that is, three murders that the defendant committed while he was 15 and that were charged when that defendant was 20 years old. In Smith, they did not have occasion to consider a straddle conspiracy like we have here. Importantly, the Fourth Circuit, four years earlier in Spoon, held what this court held in Kamez and found that the JDA did not apply to a continuing offense. Presumably, had Smith been dealing with a continuing offense, that court would have held the same as it did in Spoon. Another thing about the Smith case is that the prosecution's only option in charging Smith was to charge an act of juvenile delinquency under the JDA because those were the only available charges. Here, the adult conspiracy that the appellant continued to participate in could have been charged on March 29, 2019, the day the government charged the information. And I think most importantly is that the government here did do what the prosecution did in Smith. Here, the government was always transparent about its intentions. The government filed the juvenile information on March 29, 2019. It alleged racketeering conspiracy with overt acts and the murders all occurring prior to appellant's 18th birthday. Then, about three months later, two and a half months after the appellant appeared on the juvenile information, the government obtained the second superseding indictment, charging appellant and 21 other defendants with a sweeping conspiracy and six substantive murders. The transfer motion was filed on January 23, 2020. And on June 1, 2020, when the government sought leave from the court to dismiss the juvenile information, that second superseding indictment had been pending for 11 months. Later that month in June 2020, the appellant turned 21. The government did not supersede the indictment to include the substantive murder charges. Then, in January 2021, 18 months after the second superseding indictment had been pending, then appellant filed the motion to dismiss with the arguments that he raises here. And of course... Could I just, I'm sorry to interrupt you, but could I just try and understand the relationship, as you see it, between the first information and the second, and the superseding indictment. The two murders that were the charged as the acts in the first information were not charged in the second? No, your honor. My question, okay, could they have been? No. No, I think they couldn't have, and I think that's the exact case, that's the exact scenario, Smith's application of 5032. Because appellant was just shy of his 18th birthday, he committed those murders, which crimes were completed before he turned 18, and the government had included them in the juvenile information, no. And I think it would have been unfair to wait until the appellant turned 21 to include those murder charges in the indictment, in an indictment after the defendant turned 21, even though this court in Ariza Valdez said that if a defendant commits a crime prior to 18 and is charged at 21 or after, it is appropriate in the district court in an indictment. So the government has not charged the appellant with the substantive murders. And in the third superseding indictment that the government obtained last August in 2020, 2021, when the appellant was 22 years old, still the government did not include and charge the appellant with the substantive murders. It's clear that under the clear definition of the JDA, the conspiracy and the crime must have been committed before a defendant turns 18. And because the appellant here continued his participation in the charge conspiracy beyond 18, committing racketeering predicates, again, that's an SCR 33 to 40, involving narcotics trafficking, having a gun, other weapons, counseling about a murder, and committing extortion, all of those things continued beyond appellant's 18th birthday. It clearly takes us out of Smith territory and is not an act of juvenile delinquency. In this court in Kamez, in the nine other circuits to think about this issue of all hell that the JDA doesn't apply to a continuing offense. Another thing is that the relief appellant seeks here would really result in a windfall. The government already exercised its discretion and dismissed the most serious charges that were pending against appellant. And those were the two murder charges. If this court does what appellant wants and reverses itself on Kamez and reverses the district court, ordering it to dismiss the indictments as to appellant, then appellant will never be held responsible or accountable for all of his adult participation in the conspiracy. And I know appellant wants to argue that all of... I thought he's saying that you could just have to go to the district court and ask it to transfer, and then you could proceed, right? So he's not saying that it's necessarily barred altogether, is he? But it certainly could be. If there's litigation risk on an appellate racist below, but the issue of whether racketeering conspiracy is a crime of violence is always pretty dicey. And as the years wear on, I don't think that's a clear question. And so, of course, the racketeering conspiracy, if it's not, if this court, if Judge Ryder, this court finds that it's not a crime of violence, then the government would be out of luck and it would... defendant would never be held accountable. But regardless, if the indictment isn't there, the juvenile information can only allege acts of juvenile delinquency, which are acts committed before the defendant turned 18. Everything that happened beyond the defendant's 18th birthday wouldn't count. The district court here properly considered the issue. Defendant continued his participation beyond his 18th birthday. The charge conspiracy is not an act of juvenile delinquency, and this court should affirm. Thank you. Thank you, Ms. Curtis. Mr. Diamond, we gave you a lot of questions, so let's put two minutes on the clock. And you're muted. I was warned about that. I'm sorry. I'd like to make three points. The government's argument reduces alternatively, first, that an age straddling conspiracy is not an act of juvenile delinquency. I just invite the court to look at the language of 5031, which defines an act of juvenile delinquency as a violation committed by a person prior to his 18th birthday. The response to Ms. Curtis, it was already provided by Judge Tallman, who observed that crime of conspiracy is committed, which is the statutory language, when the parties agree to commit an unlawful act. That happened, according to the government's pleadings, at age 16. This is an act of juvenile delinquency. That ignores his conduct ratifying the conspiracy after he turned 18 by continuing to commit acts of furtherance. The statutory language says committed prior to 18. It doesn't talk about and then continuing on. The crime was committed. The crime of conspiracy was committed, as you observed, when the parties agreed. We don't dispute that. That's not a correct statement. A conspiracy occurs over a fixed period of time. It has a beginning and an end point. The question that we were wrestling with is when does the offense, particularly as we've said, where after he turns 18, he continues to commit acts of furtherance of it? Which, as you concede, had he been charged as an adult for those offenses, there wouldn't be a problem with that. I beg to differ. Under conspiracy law, the crime is committed when the agreement is made. Granted, there is continuing criminal culpability until the defendant withdraws from the conspiracy or the objects of the conspiracy are obtained. We don't dispute that he had continuing exposure, continuing liability, but that's not what an act of juvenile delinquency is defined as. This refers to... Your problem is with the substantive crime of conspiracy. We can easily look at a murder that he committed before age 18 and say the murder is complete after the victim is dead, but the problem with a conspiracy is that it's a continuing offense that spans a period of time. Some conspiracies are very short. This one is very long. He did things both before and after 18 that shows that he ratified his continuing participation in the conspiracy. For that, he could be held liable. I don't dispute he could be held liable and the government could have done that had it chosen. I'm just simply pointing the court to what congress has ordained as the proper procedure and that is to look at when the crime was committed, first committed, and it was first committed when he entered into the conspiracy. You're trying to shrink conspiracy into a substantive offense like murder that in essence, in your view, ends when the defendant enters the conspiracy and that's not substantive conspiracy law. Well, let me get to my second point because I think it addresses the first point as well. Kamez and the other courts that have looked at age straddling conspiracies have held that JDA jurisdiction is available to them. As I pointed out, the language in Kamez was carefully chosen. It says that adult prosecution is warranted. It did not say adult prosecution is required. That's consistent. How do you get around the language in Kamez that says that the juvenile delinquency act is procedural, not substantive? You're making a substantive argument here. No, I'm not making a substantive argument at all. I'm simply saying the applicability of the JDA to age spanning conspiracies is clear. It's not only Kamez, but the Wong decision of the second circuit, which Kamez adopted, says the JDA does not prevent an adult criminal defendant. No case has ever said that the JDA, that the government can't choose to treat an age spanning conspiracy under the JDA. And if that's the case, it's because age committed before the defendant turns 18. You're making the bifurcation argument that we rejected in Kamez when we followed the 11th circuit's analysis. The government would have to break it up into a juvenile conspiracy and an adult conspiracy. That doesn't make any sense. And that's why the courts have allowed prosecutors to treat continuing conspiracies as adult crimes if they choose. We're saying the government can't ride two horses. It has to elect. And if it elects, section 5032 creates a prosecution bar. If they start off in juvenile court, they have to stay there until the district judge ordains that the interests of justice would best be served by a transfer. I'm not disputing the government could have proceeded differently, but it didn't. And decisions have consequences. It is unfair to juveniles to let the government pull the rug out of them after a JDA proceeding is ongoing for a year after they've taken positions in reliance on the hope that they will be treated as juveniles and have the government decide it's going to ride a different horse and just simply disappear from the JDA proceeding. You have a far more sympathetic argument if he had stopped committing acts and furtherance of the conspiracy after he turned 18. That's the problem I'm having. And I think the answer to that is let the government prosecute him for adult acts. We don't dispute. Well, we said we said in our case law, including cameras, that the jury could consider pre 18 acts as evidence if he was prosecuted for conspiracy. Yes, they could. But our point is, there's only one way they can prosecute him for this conspiracy as an adult. And that is through the procedure set up by Congress and the JDA. And that's to ask Judge Wright to transfer it. They should have allowed that process to run its course. They should have given Edwin Mendez his day in court in juvenile court. Had the case been transferred, we wouldn't be here. They didn't do that. They elected self-help. That's not right. Thank you, Mr. Diamond. Thank you. Thank you both counsel for their very helpful arguments this morning. The case is submitted. Thank you.
judges: SCHROEDER, TALLMAN, MILLER